**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JERRY FERREIRA,<br><br>Defendant - Appellant.</td><td>No. 09-30230<br><br>D.C. No. 1:08-cr-00235-EJL-1<br><br>MEMORANDUM[*]</td></tr>
</table>

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted July 13, 2010[**]
Portland, Oregon

Before: GOODWIN, PREGERSON and WARDLAW, Circuit Judges.

Jerry Ferreira appeals his conviction, following a jury trial, of unlawful

possession of a firearm. 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Ferreira contends

that an informant's statement on direct examination that he met Ferreira in jail a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

year or so prior to the firearms purchase was highly prejudicial and constitutes error requiring reversal. Because Ferreira did not object to the statement at trial, we review for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993); *United States v. Ortiz*, 362 F.3d 1274, 1278 (9th Cir. 2004). We affirm.

Plain error exists if the error is clear and obvious, highly prejudicial, and affects the defendant's "substantial rights," that is, if it "affect[s] the outcome of the district court proceedings." *Olano*, 507 U.S. at 732-34. Here, however, there is no evidence that the statement affected the outcome of the trial. The jury knew that Ferreira had a criminal history because the parties stipulated that he was previously "convicted of a crime punishable by imprisonment for a term exceeding one year," the prosecutor never mentioned or relied on the statement, and the jury heard overwhelming independent evidence of Ferreira's guilt. Therefore, the informant's testimony that he met Ferreira in prison is not plain error.

AFFIRMED.